[L. A. No. 6026.   Department One.—July 21, 1920.]

ÉDITH S. LAMPORT, Administratrix, etc., Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—DEATH OF RAILROAD SWITCHMAN—FAILURE TO OBSERVE AND WARN OF DANGER—EVIDENCE—QUESTION FOR JURY.—In an action to recover damages for the death of a railroad yard switchman who was struck by the backing down upon him of a train while he was engaged in signaling the engineer of another train, where there was evidence that deceased was directly on a line between the engineer and switchman of the other train so to be clearly in the field of their vision, it was a question for the jury to determine whether or not their failure to observe and warn the deceased of the danger was negligence.

[2] APPEAL—POINTS NOT ARGUED.—Points not argued either in the brief or oral argument will not be considered.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frederick W. Houser, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Henry T. Gage and W. I. Gilbert for Appellant.

E. B. Drake for Respondent.

SHAW, J.—The defendant appeals from the judgment. The complaint stated a cause of action to recover damages for the death of the plaintiff's intestate, Lester C. Lamport,

which death, it is alleged, was caused by the negligence of the defendant. Lamport was in the employ of the defendant as a switchman in the Oakland yards at the time of his death.

The only point argued by the defendant in support of its appeal is that the evidence is insufficient to support the allegations of the complaint with regard to the negligence of the defendant. The complaint alleges that while Lamport was engaged in his work as switchman, standing near one of the switch-tracks of the defendant, the defendant ran one of its cars against and over him, causing his death; that said death was caused solely by the negligence of defendant in giving no warning or notice of the approach of said car, and in negligently failing to have any light upon the car that struck the decedent.

There was evidence of the following facts: At the time of the accident two trains were being operated in the switch-yard of the defendant. One of them was the train with which Lamport was connected. It was upon a track on which there was a platform scale for weighing cars. It was being operated to place the rear car on the platform in the track, so as to have the car weighed. It was necessary to stop the car that was to be weighed at the exact spot where its whole weight would be on the rails laid upon the scale platform. This was a process termed "spotting the car." The accident happened at about midnight. At each end of the scale a light was erected to enable the switchman to ascertain when this car was exactly at the right place to be cut out and weighed. The train with which Lamport was engaged was several car-lengths away moving toward the scales upon a cross-over track leading from another track to the track in which the scales were affixed. This made it a curved track and required that Lamport should stand some distance to one side from the scale-track in order that the engineer, who was upon the engine of that train at the farther end thereof, could see his signals and be informed of the exact point at which to stop. It was also necessary for him to observe the lights opposite the end of the scale, so as to see precisely when to give the signal. At a point some fifteen feet from the scales on the side on which Lamport had to stand to give the signals to his engineer there was another straight track upon which another engineer and

switchmen were engaged in moving another train in the same direction as the train with which Lamport was engaged. This other train consisted of several cars, the rear car being an oil-tank car without any light at the rear end thereof. This train was moving backward toward Lamport. The switchman of that train was at some distance beyond Lamport at a point where he intended to stop his train and was standing there to give signals to his own engineer. Lamport was standing on a direct line between the two and between the two rails of that track. In order to give and receive these signals it was necessary for the switchman and engineer upon the other train each to look toward the other and toward Lamport. While Lamport was so standing engaged in signaling to "spot" the car the engineer of the other train moved that train down toward Lamport and the rear car thereof ran over and killed him. Lamport while so engaged had in his hand a lighted lantern with which to give signals to his own engineer for the "spotting" of the car. It is plain that when the engineer and switchman of the other train were watching for each other's signals, as they were doing at that moment, Lamport would be clearly in the field of their vision and directly on a line between them. [1] No argument is required to demonstrate the proposition that under these circumstances they should have observed him and warned him of the danger, or that it was a least a question for the jury to determine whether or not their failure to do so was negligence. It is obvious from the mere statement of the facts that the evidence tended to show negligence, if it did not demonstrate it absolutely. [2] Other points are mentioned in the brief on appeal, but no other point was argued either in the brief or oral argument. It is, therefore, unnecessary to consider any other questions in the case.

The judgment is affirmed.

Lawlor, J., and Olney, J., concurred.